UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cr-0157-TWP-DLP |
| | ) | |
| TYRESE MCCULLUM, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 16, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 3, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 3, 2022, defendant Tyrese McCullum appeared in person with his appointed counsel, Sam Ansell. The government appeared by Abhishek Kambli, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer James Thomas, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. McCullum of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. McCullum and his counsel, who informed the court they had reviewed the Petition and that Mr. McCullum understood the violations alleged. Mr. McCullum waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. McCullum of his right to a preliminary hearing and its purpose. Mr. McCullum was advised of the rights he would have at a preliminary hearing. Mr. McCullum waived his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. McCullum of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. McCullum, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state, or local crime."** |

        On March 5, 2022, Mr. McCullum was arrested by the Seelyville, Indiana, Town Marshal, and charged with Resisting Law Enforcement, as a Level 6 Felony; Resisting Law Enforcement, as Class A misdemeanor; Leaving the Scene of an Accident, as a Class B misdemeanor; and Operating a Motor Vehicle Without Ever Receiving a License, as a Class C misdemeanor. The charges are pending in the Vigo County, Indiana, Superior Court 1 under Cause number 84D01-2203-F6-000827.

        According to the police report, an officer initiated a traffic stop on a vehicle which was observed speeding. As the officer exited his vehicle to approach the driver, who was later identified as Mr. McCullum, he speed away and the officer engaged him in a vehicle pursuit. During the chase, the officer indicated the offender "blatantly disregarded" multiple stop signs. Mr. McCullum ultimately wrecked the vehicle into a fire hydrant and several picnic tables. He then exited the vehicle and fled on foot, failing to comply with verbal commands of the officer. The officer chased Mr. McCullum through multiple properties, where he entered into a residence. Officers made contact with a male subject at the door, later identified as Mr. McCullum's brother, who escorted Mr. McCullum out of the home without incident. When being taking into custody, the offender admitted he fled as he did not have a license and was under federal supervision.

6.     The Court placed Mr. McCullum under oath and directly inquired of Mr. McCullum whether he admitted violation number 1 of his supervised release set forth above.

Mr. McCullum admitted the violation as set forth above.

8.     The parties and the USPO further stipulated that:

    (a)    The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. McCullum's criminal history category is IV.

    (c)    The range of imprisonment applicable upon revocation of Mr. McCullum's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of fifteen (15) months with no supervised release to follow. The parties and the court noted that the Defendant will be subject to supervision as part of his sentence on the related state charges. Defendant requested placement at a facility closest to Indianapolis, Indiana.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TYRESE MCCULLUM, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of fifteen (15) months with no supervision to follow. The Magistrate Judge makes a recommendation of placement at a facility closest to Indianapolis, Indiana. The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. McCullum stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. McCullum entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. McCullum's supervised release, imposing a sentence of imprisonment of fifteen (15) months with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at a facility close to Indianapolis. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 10/14/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system